**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Lee Mellinger,<br><br>            Petitioner,<br><br>v.<br><br>Warden Graber,<br><br>            Respondent. | No. CV-15-00129-PHX-DGC<br><br>**ORDER** |

On January 26, 2015, Petitioner Daniel Lee Mellinger filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the U.S. Parole Commission unlawfully extended his incarceration beyond the statutory maximum sentence. Doc. 1. The Court referred the petition to Magistrate Judge Michelle H. Burns for a report and recommendation ("R&R"). Doc. 2. Judge Burns recommended that the Court deny the petition. Doc. 23. Petitioner filed specific written objections to the R&R. Doc. 26. The Court concludes that the objections lack merit and will deny the petition.

**I.      Background.**

While serving a California state sentence for armed robbery in 1985, Petitioner escaped from custody and committed six armed bank robberies. Doc. 17, Ex. 19 at 5.[1] Petitioner was captured and charged with several federal crimes in connection with these robberies. Petitioner entered a guilty plea, and the District Court for the Northern District

---
[1] Exhibits cited in this order are attached to Respondent's Response, Doc. 17.

of California sentenced him to 18 years in federal prison. Ex. 2. Petitioner began serving this sentence in January 1988. Ex. 1 at 14. In January 1989, the Commission determined that Petitioner should serve to the expiration of the sentence. Ex. 3.

In April 1997, Petitioner was given a mandatory release pursuant to the Parole Act, which required the Commission to release a prisoner "at the expiration of his term of sentence less the time deducted for good conduct." 28 U.S.C. § 4163 (1982 ed.).[2] At the time of his release, Petitioner had 2,593 days of his original sentence left to serve. Ex. 6. Under the Parole Act, Petitioner was to be "deemed as if released on parole" until the expiration of his statutory sentence less 180 days. 28 U.S.C. § 4164 (1982 ed.). This was set to occur in November 2003. Ex. 6.

In March 1998, the Commission revoked Petitioner's mandatory release for a technical parole violation. Ex. 19. Despite revoking his mandatory release, the Commission gave Petitioner credit for his time on parole, bringing his remaining sentence to 1,932 days. Ex. 8 at 1. In February 1999, Petitioner was reparoled. *Id*. Four months later, Petitioner was arrested on new federal charges for armed bank robbery. *See* U.S. District Court, Northern District of California, Case No. CR 99-20101-01-RMW, Presentence Report, ¶ 11. In January 2000, Petitioner pled guilty to this charge and received a new 188-month sentence. Ex. 12.

In the interim between Petitioner's arrest and his plea, the Commission issued another warrant against Petitioner for technical parole violations. Exs. 9, 10. The Commission instructed that this warrant should be placed as a detainer in the event Petitioner was already in custody. Ex. 11. Because Petitioner was in custody when the warrant issued, the warrant was placed as a detainer. In May 2007, the Commission supplemented this warrant with an additional charge of armed bank robbery in connection with the robberies Petitioner committed while on reparole. Ex. 15.

---

[2] Although Congress repealed the Parole Act in 1984, it provided that these provisions would remain in effect for sentences issued before November 1, 1987. Pub.L. 98-473, ch. II, § 235(b)(1)(B). *See Dep't of Justice v. Julian*, 486 U.S. 1, 5 n.3 (1988).

Petitioner completed his new sentence on July 18, 2014, and the Commission executed its warrant on that date. Exs. 16, 17. After a hearing, the Commission revoked Petitioner's parole, ordering that Petitioner's time on reparole (i.e., his "street time") would not be credited towards his original sentence and that the sentence would continue to expiration. Ex. 20. As a result, Petitioner is required to complete the 1,932 days that remained on his first sentence as of February 1999, when he was reparoled. Petitioner's mandatory release date is now January 27, 2018, and he will remain under supervision until May 5, 2019. Ex. 21 at 2.

## II. Procedural History.

Petitioner alleges that the Commission unlawfully extended his incarceration beyond the statutory maximum sentence. Petitioner advances two claims which are relevant here. First, Petitioner argues that the Commission abused its discretion when it revoked his parole in 2014. *See* Doc. 1 at 9. Second, Petitioner argues that the Commission unlawfully refused to credit the time served on his 2000 sentence to the original sentence, resulting in an incarceration period that exceeds the statutory maximum for the original sentence. *Id.* at 5.

Judge Burns recommended that each of these claims be denied. Doc. 23 at 4-8. With respect to the first claim, Judge Burns noted that a federal court may only review the Commission's discretionary decision to revoke parole if the decision is not supported by "good cause." *Id.* at 4 (citing *Wallace v. Christensen*, 802 F.2d 1539, 1551 (9th Cir. 1986) (en banc)). Because Judge Burns concluded that the Commission had good cause to revoke Petitioner's parole in 2014, she recommended that the Court dismiss Petitioner's challenge to this decision for want of subject matter jurisdiction. *Id.* at 4-6.

With respect to the second claim, Judge Burns concluded that the Commission was not required to credit the time Petitioner served on the 2000 sentence to the original sentence, but could require Petitioner to serve the two sentences consecutively. *Id.* at 7-8. Judge Burns further concluded that the Commission was not required to credit Petitioner's street time towards the first sentence. *See id.* at 8 (citing *Johnson v.*

*Norwood*, 2008 WL 2853254 *7 (C.D. Ca. July 22, 2008)). Judge Burns therefore recommended that the Court deny Petitioner's second claim. *Id.*

**II. Analysis.**

Petitioner argues that Judge Burns erred in concluding that the Commission had good cause to revoke his parole in 2014. Petitioner further argues that Judge Burns misconstrued precedent which he reads as requiring the Commission to credit the time served on the 2000 sentence to his original sentence. The Court will review each objection de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C).

**A. First Objection.**

The Parole Act authorizes the Commission to depart from its parole guidelines "if it determines that there is good cause for so doing." 18 U.S.C. § 4206(c) (1982 ed.). "Good cause" means "grounds put forward by the Commission in good faith and which are not arbitrary, irrational, unreasonable, irrelevant or capricious." *See Wallace*, 802 F.2d at 1544 (citation omitted). A federal court does not have jurisdiction to review a parole decision if it is consistent with the Commission's statutory authorization – in other words, if it is supported by good cause. *Id.* at 1551.

The Commission made an upward departure from its guidelines when it ruled that Petitioner should serve to the expiration of the original sentence. *See* Ex. 20 at 2-3. The Commission explained:

> After review of all relevant factors and information, a decision above the guidelines is warranted because you are a more serious risk then indicated by the guidelines in that you have prior convictions for 7 counts of Burglary (Connecticut), 8 counts of Robbery and escape (Hawaii). Additionally, while serving a California state sentence for multiple Armed Robberies, you escaped from custody and committed 6 Bank Robberies that resulted in your instant base offense. . . . Within four months of your release [in 1999], you robbed another bank while armed and you were sentenced to 188 months. On 5/14/2001, nearly two years into this new sentence, you engaged in a struggle with a BOP staff member, during which you pulled a 9-inch shank from your pants. This resulted in a consecutive sentence.
>
> * * *
>
> The Commission finds your lengthy and repetitive history of violence including multiple Burglaries, numerous Robberies, Armed Robberies and Bank Robberies, coupled with your possession of a weapon in prison

> creates an unacceptable risk to public safety, and is likely to be repeated if granted discretionary release.

*Id.* at 3. This clearly is good cause for an upward departure from the parole guidelines. Because the Commission acted on the basis of good cause, it did not exceed its statutory authority and the Court does not have jurisdiction to review its decision.

### 2. Second Objection.

Where a parolee is convicted of a new criminal offense and sentenced to time in prison for that offense, the Parole Act authorizes the Commission to determine "whether all or any part of the unexpired term being served at the time of parole shall run concurrently or consecutively with the sentence imposed for the new offense." 28 U.S.C. § 4210(b)(2) (1982 ed.). By regulation, the Commission has determined that a revoked parolee's original sentence must be served consecutively with the new sentence. 28 C.F.R. § 2.47(e)(2). At its discretion, the Commission may also require the revoked parolee to forfeit his street time. *See* 28 C.F.R § 2.52(c)(2); *Rizzo v. Armstrong*, 921 F.2d 855, 861 (9th Cir. 1990).

The Commission determined that, upon completion of the 2000 sentence, Petitioner should serve the 1,932 days that were remaining on his original sentence as of the date he was reparoled in 1999. That decision was fully consistent with the applicable law. Under the Parole Act, the Commission is authorized to require a revoked parolee to serve his original sentence consecutively with any subsequent sentence. 28 U.S.C. § 4210(b)(2) (1982 ed.). The Commission may also require the revoked parolee to forfeit his street time. *See Rizzo*, 921 F.2d at 861. There is no merit to Petitioner's contention that the Commission unlawfully extended his incarceration.

Petitioner argues that a footnote in *Thompson v. Crabtree*, 82 F.3d 312 (9th Cir. 1996), requires a contrary conclusion. The footnote provides:

> The Commission cannot require Thompson [the revoked parolee] to spend more time in custody after his release on the [subsequent] conviction because he will have served the custodial time imposed by [the original] sentence. 28 C.F.R. § 2.47(e)(1) (prisoner whose parole has been revoked for commission of new offense shall receive credit for time served on the new offense for purposes of reparole).

- 5 -

82 F.3d at 316 n.8.

Although the Court acknowledges that this footnote could be read to support Petitioner's position, it is clear in context that *Thompson* was simply paraphrasing the Commission's regulations, not attempting to change them. The regulation in question provides that a "parole violator whose parole is revoked shall be given credit for all time in federal, state, or local confinement on a new offense *for purposes of satisfaction of the reparole guidelines . . .*" 28 C.F.R. § 2.47(e)(1) (emphasis added). As the Ninth Circuit has repeatedly recognized, parole credit is not sentence credit, and a prisoner does not accrue credit toward his original sentence while in custody on a subsequent offense. *See Bowen v. U.S. Parole Comm'n*, 805 F.2d 885, 888 (9th Cir. 1986); *Berg v. U.S. Parole Comm'n*, 735 F.2d 378, 379 (9th Cir. 1984); s*ee also* 28 C.F.R. § 2.21. To be sure, the Commission must generally grant reparole on the original sentence if a prisoner becomes eligible for it based on parole credit accrued while serving a subsequent sentence. But the Commission retains the authority to depart from the guidelines and deny reparole "if it determines that there is good cause for so doing." 18 U.S.C. § 4206(c) (1982 ed.). Nothing in *Thompson* deprives the Commission of this authority, which it properly exercised here.

**IT IS ORDERED:**

1. Magistrate Judge Michelle H. Burns's R&R (Doc. 23) is **accepted**.
2. Mr. Mellinger's petition for writ of habeas corpus (Doc. 1) is **denied** with prejudice.
3. Mr. Mellinger's Motion for Summary Judgment (Doc. 12), Motion for Release or Change of Venue (Doc. 13), and Motion for Entry of Default as to Government (Doc. 19) are **denied**.
4. Mr. Mellinger's motion for expedited ruling is **denied** as moot.

5. The Clerk of the Court is directed to **terminate** this action.

Dated this 22nd day of October, 2015.

_____
David G. Campbell
United States District Judge